IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JASPER PHILLIPS, | ) | Cause No. CV 09-28-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| WARDEN MIKE MAHONEY, | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |

_____

On May 28, 2009, Petitioner Jasper Phillips filed this action for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is a state prisoner proceeding pro se.

On June 1, 2009, Petitioner was ordered to complete and return the Court's standard form for habeas petitions under 28 U.S.C. § 2254.  Order to Pet'r (doc. 5) at 3-4 ¶ 3.  The Amended Petition, filed on June 25, 2009, is the controlling pleading.

On September 3, 2009, Petitioner was ordered to show cause why his

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

petition should not be dismissed with prejudice based on the one-year federal statute of limitations and/or the doctrine of procedural default and procedural bar. Petitioner responded to the order on November 30, 2009.

I. Background

In September 2004, Petitioner was being transported to Montana State Prison from Crossroads Correctional Center, a private prison operated under contract with the State of Montana. The van stopped in Helena at a Burger King restaurant. The officers in charge went into the restaurant, leaving the prisoners in the van. Four inmates, including Petitioner, escaped. Petitioner was apprehended in the parking lot.

Petitioner pled guilty in Montana's First Judicial District Court, Lewis and Clark County, to escape, a violation of Mont. Code Ann. § 45-7-306(2) (2003).[1] On December 9, 2004, he was sentenced to serve five years in prison, consecutive to the sentence he was already serving. Am. Pet. (doc. 6) at 2 ¶¶ 1-5.

Petitioner did not appeal. Id. at 3 ¶ 8. His conviction became final sixty days later, on February 7, 2005. Chaker v. Crogan, 428 F.3d 1215,

---

[1] The statute has not been amended in any respect since 1997.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

1219 (9th Cir. 2005); Mont. R. App. P. 4(5)(b)(i).

In July 2007, Petitioner spotted an article in Prison Legal News about two of his compatriots, Holliday and Brown, who went to trial on the escape charge. Although the jury convicted them, the trial court "granted the defendants' motion to set aside the guilty verdict based on erroneous language in the jury instructions." Order at 3 ¶ 3, Phillips v. State, No. DA 07-0671 (Mont. Apr. 1, 2009) (unpublished).

On October 10, 2007, Petitioner filed a petition for postconviction relief in the trial court, Am. Pet. at 3 ¶ 11, asserting that the article in Prison Legal News constituted newly discovered evidence. The trial court dismissed his petition as untimely. Petitioner appealed. On April 1, 2009, the Montana Supreme Court affirmed the dismissal. Order at 2-4 ¶¶ 3-8, Phillips, No. DA 07-0671.

Petitioner filed his federal petition under 28 U.S.C. § 2254 on May 28, 2009.

II. Petitioner's Allegations

Petitioner claims, first, that his attorney, Jon Moog, violated his Sixth Amendment right to the effective assistance of counsel because he

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

"talked me into pleading guilty to felony escape when there was no felony involved." Am. Pet. at 3-4 ¶ 15A.

Second, Petitioner asserts that the Equal Protection Clause was violated because two of his co-defendants were "found not guilty," while his attorney advised him to plead guilty "to a crime that did not meet Mt. criminal statutes of felony escape." Id. at 4 ¶ 15B.

Third, Petitioner claims "new evidence," viz., the law applied in his co-defendants' cases. Id. at 5 ¶ 15C.

III. Analysis

    A. Federal Statute of Limitations

Petitioner's claims are barred by the one-year federal statute of limitations.

        1. Application of the Statute

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. In this case, the limitations period began to run on the date Petitioner's conviction became "final" in state court. Id. § 2244(d)(1)(A).

Petitioner states that judgment was entered on December 9, 2004. Petitioner had sixty days from that date to file a notice of appeal in the Montana Supreme Court. Mont. R. App. P 5(b).[2] Because he did not do so, his conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1)(A), on February 7, 2005. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The federal statute of limitations began to run the next day, February 8, 2005. Petitioner had until February 8, 2006, to file his federal habeas petition.

    2. Statutory Tolling

The one-year period for filing in federal court for a writ of habeas corpus is suspended while a "properly filed" action challenging the same conviction is pending in state court. 28 U.S.C. § 2244(d)(2). Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). The federal limitations period expired 609 days before Petitioner filed his postconviction petition in the trial court on October 10, 2007. Moreover, because the state postconviction petition was dismissed as untimely, it was not "properly filed" within the meaning of § 2244(d)(2) and does not toll time. Pace v.

---

[2] Now Mont. R. App. P. 4(5)(b)(i).

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

DiGuglielmo, 544 U.S. 408, 414 (2005). Petitioner filed his federal petition 1,205 days too late.

### 3. Equitable Tolling

A habeas petitioner might be entitled to equitable tolling of the limitations period if he demonstrates that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time. Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling is not available in most cases and poses a "high hurdle" for a petitioner to overcome. Id.

> A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling. [Petitioners] must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal emphasis, quotations, brackets, and ellipsis omitted). Additionally, "the person seeking equitable tolling must demonstrate reasonable diligence in attempting to file after the extraordinary circumstances began." Id. at

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

971 (quoting Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted).

Petitioner asserts that the federal limitations period should not begin to run until he learned of his compatriots' acquittal by the trial court in July 2007. Resp. to Order (doc. 15) at 1. Setting aside the question of whether reading an article constitutes "due diligence," the fact that two other persons involved in the same incident were acquitted because of an error in jury instructions is not "newly discovered evidence" of anything in Petitioner's case. He pled guilty and therefore was not entitled to jury instructions.

Petitioner also argues that the statute of limitations should not begin to run until he learns of the deficiencies of which he complains in counsel's performance. That argument would vitiate the limitations period. Additionally, it is impossible for Petitioner to maintain, on the one hand, that he is not guilty of escape "by the plain language of the statute," Resp. to Order at 4, and, on the other hand, that counsel "actually sought to mislead" him, id. at 2, and "attempted to conceal the facts which would have supported that his client was not guilty," id. at 3. Finally, Petitioner

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

has not explained why he is not guilty of escape. The petition is time-barred.

B. Procedural Default

The doctrine of procedural default also bars this Court from considering Petitioner's claims. Procedural default is clear on the face of the Amended Petition. Am. Pet at 4 ¶¶ 15A(2), 15B(2); id. at 5 ¶ 15C(2).[3] Recognizing it would "further the interests of comity, federalism, and judicial efficiency." Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Habeas petitioners must fairly present their federal claims in the state courts before filing in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982). Petitioner correctly attempted to comply with this requirement. However, his postconviction petition was dismissed as untimely under state law. Am. Pet. at 4 ¶ 15A(2), 15B(2); id. at 5 ¶

---

[3] The Amended Petition describes the basis for the Montana Supreme Court's dismissal of his third claim as "not clear to the ruling." Am. Pet. at 5 ¶ 15C(2). The court said the trial court's ruling in the co-defendants' cases "does not constitute evidence that would establish that [Phillips] did not engage in the criminal conduct for which [he] was convicted." Order at 3-4 ¶ 6, Phillips, No. DA 07-0671.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 8

15C(2). The Montana Supreme Court did not consider Petitioner's claims.

A statutory limitations period generally is an adequate and independent basis for the state court's dismissal of a postconviction petition and will generally preclude federal habeas review. Coleman v. Thompson, 501 U.S. 722, 740-44 (1991); High v. Ignacio, 408 F.3d 585, 589-90 (9th Cir. 2005); Shumway v. Payne, 223 F.3d 982, 988-89 (9th Cir. 2000). Petitioner offers no reason to believe that Montana's one-year postconviction limitations period does not bar review in his case.

While ineffective assistance of counsel may excuse procedural default, Petitioner has not demonstrated a causal link between counsel's performance and his own untimely filing of his postconviction petition. Again, Petitioner asserts, in effect, that default is excused whenever an allegation of ineffective assistance of counsel is made. Statutes of limitation on collateral attacks and other procedural rules are designed to protect the finality of convictions. If a prisoner does not discover a legal challenge to his conviction until after the time when he should have made the claim, it is simply too late, unless he can show that he is actually innocent of the crime of which he was convicted. E.g., Bousley v. United

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 9

States, 523 U.S. 614, 621-24 (1998).  Petitioner fails to show cause to excuse his procedural default.

Petitioner also fails to show actual innocence.  He asserts that the acquittal of his two co-defendants, by itself, proves that he did not commit the crime of escape.  He has not explained why this is so.  The escape statute, Mont. Code Ann. § 45-7-306, appears on its face to apply to his conduct.

On the other hand, if, as Petitioner argues, he is "actually innocent, according to the plain language of the statute," Resp. to Order at 4, then it is even clearer that his default was not due to circumstances outside his control.  He had only to read the statute.

The petition is procedurally defaulted, and the default is unexcused.  The petition should be dismissed with prejudice.

IV. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  Petitioner "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

B. Discussion

Petitioner claims that a person who has been convicted and sentenced and who is being transported from one prison to another does not commit the crime of escape, Mont. Code Ann. § 45-7-306 (2003), when he exits a transport van without the permission or knowledge of the authorities. On its face, this claim lacks credibility. Petitioner also claims that he was not guilty of the crime to which he pled guilty because a judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 11

acquitted two of his co-defendants based on faulty jury instructions. On its face, this claim, too, lacks credibility. Jurists of reason could not conclude that he has stated a valid claim that he was deprived of a constitutional right.

As for the procedural rulings, Petitioner's conviction became final on February 7, 2005. He filed a petition for postconviction relief in the trial court, but it was dismissed as untimely. He did not file his federal petition until 1,205 days after the federal statute of limitations expired. His claim for equitable tolling is self-contradictory. On the one hand, he claims that counsel acted in bad faith and concealed relevant facts and that his co-defendants' acquittal based on faulty jury instructions revealed counsel's malfeasance. On the other hand, he asserts that the escape statute, "by its plain language," does not apply to him. The argument is impossible to maintain. Reasonable jurists could find no basis for equitable tolling.

Nor does Petitioner show cause or actual innocence to excuse his procedural default. The Montana Supreme Court dismissed his postconviction petition as untimely. Petitioner does not suggest its ruling

was not adequate or not sufficiently independent to preclude federal review.  He proffers ineffective assistance of counsel as cause for his default, but he draws no causal connection between counsel's performance and his own failure to file his postconviction petition on time, particularly in view of his claim that the escape statute "by its plain language" does not apply to him.  Reasonable jurists would not find cause to excuse Petitioner's default.

As for actual innocence, the Court can only say that the escape statute appears on its face to apply to Petitioner.

A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. The Amended Petition (doc. 6) should be DISMISSED WITH PREJUDICE as time-barred and procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 1st day of December, 2009.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 14